PIEKARSKI & BRELSFORD, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix, AZ 85016
Phone: (602) 956-1161
Fax: (480) 247-4383
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **DANIEL M. QUINONEZ**, an unmarried man,<br><br>          **Plaintiff,**<br><br>vs.<br><br>**RELIABLE AUTO GLASS, LLC**, an Arizona Corporation duly licensed to do business in the State of Arizona; **JOHN DOES 1-5**; **JANE DOES 1-5**; and **ABC CORPORATIONS 1-5**,<br><br>          **Defendants.** | Case No.:<br><br>**COMPLAINT**<br><br>(UNPAID OVERTIME; UNPAID WAGES) |

Plaintiff, DANIEL M. QUINONES, by and through his undersigned counsel, submits the following claims:

**I.**

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant RELIABLE AUTO GLASS, LLC is an Arizona Corporation duly licensed to do business within the State of Arizona with its principle place of business located within Maricopa County, Arizona.

3. Defendants JOHN DOES 1-5, JANE DOES 1-5 and ABC CORPORATIONS 1-5 are persons or entities that may be liable to Plaintiff whose true identities are presently not

known to Plaintiff. Plaintiff reserves the right to amend his complaint to set forth the true names of these persons or entities when they become known to him.

4. All relevant activities took place within Maricopa County, Arizona.

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. 201 et seq., and 13 U.S.C. 1367.

## II.

## FACTUAL BACKGROUND

6. Plaintiff worked for the Defendant for seven to eight years before his termination on April 25, 2011.

7. Plaintiff was employed as an "auto glass technician" and his job duties consisted of replacing and installing auto glass on damaged windshields.

8. During his employment covering the relevant look back periods, the Plaintiff's rate of pay was $20.00 per hour.

9. At all times during his employment with the Defendant, Plaintiff remained "non-exempt" under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.,* requiring that he be paid time-and-one-half of his hourly rate for all hours over forty (40) per week.

10. During his employment with the Defendant, Plaintiff typically worked between fifty (50) and seventy (70) hours each week.

11. During this period, Plaintiff was never paid time-and-one-half times his hourly rate for all hours over forty (40) per week.

## III.
## COUNT ONE
## (UNPAID OVERTIME)

12. All of the preceding paragraphs are incorporated herein by reference.

13. Plaintiff's job duties were labor intensive and consisted of installing and replacing car windshields.

14. Plaintiff had little or no independent decision making powers, he did not supervise other employees nor did he have any job duties which could be construed as managerial in nature.

15. Plaintiff typically worked between two and twenty overtime hours each week depending on volume.

16. Plaintiff was never paid one-and-one-half times her hourly rate for hours worked in excess of forty hours per week.

17. Plaintiff was paid every two weeks for the first eighty hours of work.

18. He was often paid a separate "bonus" check every two weeks but this separate check failed to compensate him at one and one half times his hourly rate for hours worked in excess of forty hours per week. By the acts and conduct set forth above, the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. 201 et al.

## IV.
## COUNT TWO
## (UNPAID WAGES)

19. All of the preceding paragraphs are incorporated herein by reference.

20. Plaintiff terminated his employment with the Defendant on April 25, 2011.

21. Plaintiff had just worked an entire pay period covering two full weeks on the day of his termination.

22. Despite repeated demands, the plaintiff has yet to be paid for the entire pay period encompassing his termination date which includes eighty hours of wages at his hourly rate of pay plus overtime.

23. The defendant has willfully and deliberately refused to pay the plaintiff for his final two week pay period.

24. Because no good faith basis exists for the non-payment of wages, the actions of the defendant constitute a violation of the Fair Labor Standards Act, 29 U.S.C. 201 et al.

## V.
## COUNT THREE
## (WILLFULNESS)

25. All of the preceding paragraphs are incorporated herein by reference.

26. Because of the plaintiff's job title and duties, no reasonable argument could be made that he qualified under any exception to the overtime provisions of the FLSA.

27.     The deliberate choice to fail to pay the plaintiff overtime benefitted the defendant to the detriment of the plaintiff.

28.     As such, the conduct of the defendant was willful and the limitations period should be extended to three years pursuant to 29 U.S.C. 255(a).

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     For damages pursuant to Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* in an amount to be proven at trial;

2.     For the Plaintiff's reasonable attorney's fees and costs in bringing this matter; and

3.     For such other relief as the Court may deem just and proper.

RESPECTFULLY Submitted this 2nd day of March, 2012.

                                            PIEKARSKI & BRELSFORD, P.C.


                                            By: /s/ Christopher J. Piekarski
                                                Christopher J. Piekarski
                                                Attorney for Plaintiff