David C. Kresin (019858)
ROBAINA & KRESIN PLLC
One E. Camelback Road, Suite 710
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
dck@robainalaw.com
Attorneys for Defendant
Reliable Auto Glass, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M. Quinonez, an unmarried individual, | ) ) No. 12-CV-00452-PHX-GMS ) |
| Plaintiff, | ) **MOTION TO DISMISS** ) |
| vs. | ) ) |
| Reliable Auto Glass, LLC, *et al.*, | ) ) |
| Defendants. | ) ) ) |

The Complaint should be dismissed for failure to state a claim because Plaintiff has failed to plead that he or the employer is covered under the Fair Labor Standards Act ("FLSA"). Such coverage is an essential element of each of the claims alleged by Plaintiff. Accordingly, the Court should dismiss all of the claims under Federal Rule of Civil Procedure 12(b)(6). This motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

In his Complaint, Plaintiff asserts two claims under the FLSA: (1) a claim for unpaid overtime and liquidated damages under the FLSA; and (2) a claim for failure to pay even the minimum wage under the FLSA.[1]  [*See* Comp. ¶¶ 16-18, 23-24.] Specifically, Plaintiff alleges that he was employed as an "auto glass installer", which involved "replacing and installing auto glass on damages windshields." [*Id.* at ¶ 7.] He further alleges that the job duties were "labor intensive" and that he typically worked in

---

[1] The Complaint includes a Count Three also under the FLSA, alleging that Defendant acted willfully and therefore the FLSA's three-year limitations period applies to Counts One and Two. [Comp. ¶¶ 26-28.]

excess of forty (40) hours per week without receiving overtime compensation.  [*See id.* at ¶¶ 10-13.]  In Count One of his Complaint, Plaintiff asserts that Defendant failed to pay him overtime compensation under the FLSA.  [*Id.* at ¶¶ 16-18.]  In Count Two of his Complaint, Plaintiff asserts that with respect to the last two weeks of his employment, Defendant failed to pay him any wages at all in violation of the FLSA. [*Id.* at ¶¶ 23-24.]

A complaint must contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  Such a statement must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Based on the facts alleged in the Complaint, Plaintiff's claims fail as a matter of law because Plaintiff fails to plead facts establishing that he or Defendant are covered by the FLSA.

To establish coverage under the FLSA, an employee must allege predicate facts establishing that he and/or the employer are covered by the FLSA.  *See* 29 U.S.C. § 206(a), 207(a) (establishing scope of employees and employers covered by the FLSA's minimum wage and overtime provisions, respectively); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298-99 (11th Cir. 2011) (individual or enterprise coverage is essential element of FLSA claim).  In his Complaint, Plaintiff nowhere alleges or provides factual allegations supporting that he or the employer is covered by the FLSA.

1

2          Based on the foregoing, Defendant Reliable Auto Glass, LLC respectfully

3   requests that the Court dismiss Plaintiff's Complaint for failure to state a claim.

           DATED this 10th day of May, 2012.

4                                                    ROBAINA & KRESIN, P.L.L.C.

5

6                                                    By/s/David C. Kresin

7                                                       David C. Kresin
                                                        Attorneys for Defendant
8                                                       Reliable Auto Glass, LLC

9                                **CERTIFICATE OF SERVICE**

10

11         I hereby certify that on the 10th of May, 2012, I caused the foregoing document to

12   be electronically transmitted to the Clerk's Office using the CM/ECF System for filing

13   and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

14                              Christopher J. Piekarski
                                   Nathan J. Brelsford
15                              Piekarski & Breslford, P.C.
                             2633 E. Indian School Rd., Ste. 460
16                                   Phoenix, AZ 85016

17

18                                                   By   /s/David C. Kresin

19

20

21

22

23

24

25

26

27

28