PIEKARSKI & BRELSFORD, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix, AZ 85016
Phone: (602) 956-1161
Fax: (480) 247-4383
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **DANIEL M. QUINONEZ**, an unmarried man,<br><br>          **Plaintiff,**<br><br>vs.<br><br>**RELIABLE AUTO GLASS, LLC**, an Arizona Corporation duly licensed to do business in the State of Arizona;  **JOHN DOES 1-5**; **JANE DOES 1-5**; and **ABC CORPORATIONS 1-5**,<br><br>          **Defendants.** | Case No.: CV2012-00452-GMS<br><br>**RESPONSE TO MOTION TO DISMISS**<br><br>(Assigned to the Hon. G. Murray Snow) |

     Plaintiff, **DANIEL M. QUINONEZ**, by and through counsel, hereby responds to the Defendant's Motion to Dismiss and requests that this Court deny said motion. Plaintiff's response is supported by the following Memorandum of Points and Authorities:

**I.**
**FACTUAL BACKGROUND**

     First and foremost, the factual basis provided by the Defendants in their Motion to Dismiss misstates the actual pleadings in the Complaint which the Plaintiff submitted. The Plaintiff set out the nature of the employment relationship, the Plaintiff's job duties, the statutory authority under the Fair Labor Standards Act which gives rise to his complaint and the way in which the statute was violated by the Defendant/ employer.

## II.
## LEGAL ARGUMENT

**Cognizable Legal Theory**:   A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint or counter complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Here, the Plaintiff clearly meets his burden of establishing a "cognizable legal theory" in which his case derives by citing the specific statutes under 29 U.S.C. 201 et. al. of the Fair Labor Standards Act (hereinafter "flsa").  The Plaintiff further articulates a "cognizable legal theory" under Count Three of his complaint whereby the specific provisions of the flsa are cited which define the relevant look back periods and timeframes of the Plaintiff's complaint.

**Sufficiency of Pleadings:**   To survive a motion to dismiss, the plaintiff or counterclaimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557).

A cursory review of the initial complaint shows the Plaintiff clearly meets his burden.  The Plaintiff devotes the first eleven paragraphs of his complaint establishing the factual background

and jurisdictional requirements giving rise to his complaint.  Additionally, all three counts of the Plaintiff's complaint provide citations to the relevant statutory authority giving rise to each cause of action and the corresponding behavior of the Defendant which provides a basis for liability.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. A denial of the Defendant's Motion to Dismiss

2. An award of the Plaintiff's reasonable attorney's fees and costs in responding to the Defendant's motion; and

3. For such other relief as the Court may deem just and proper.

RESPECTFULLY Submitted this 29th day of May, 2012.

                            PIEKARSKI & BRELSFORD, P.C.

                            By: /s/ Christopher J. Piekarski
                                Christopher J. Piekarski
                                Attorney for Plaintiff

**COPY** of the foregoing mailed
this 29th day of May, 2012 to:

David C. Kresin
ROBAINA & KRESIN PLLC
One E. Camelback Rd, Suite 710
Phoenix, AZ 85012
*Attorneys for Defendants*