David C. Kresin (019858)
ROBAINA & KRESIN PLLC
One E. Camelback Road, Suite 710
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile:  (602) 682-6455
dck@robainalaw.com
Attorneys for Defendant
Reliable Auto Glass, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M. Quinonez, an unmarried individual,<br><br>                Plaintiff,<br><br>        vs.<br><br>Reliable Auto Glass, LLC, *et al.*,<br><br>                Defendants. | No. 12-CV-00452-PHX-GMS<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

In his response, Plaintiff failed to point to any paragraphs of the Complaint that allege the essential element of individual or enterprise coverage under the Fair Labor Standards Act ("FLSA").  Because the Complaint is completely devoid of any such allegations, the Court should dismiss the complaint.  Moreover, because Plaintiff has not requested an opportunity to amend and implicitly acknowledges that he will be unable to allege the requisite elements supported with specific factual allegations, the Court should dismiss the complaint with prejudice.

In his response, Plaintiff generally argues that he sufficiently pled his claims because: (1) "The Plaintiff set out the nature of the employment relationship, the Plaintiff's job duties, the statutory authority under the Fair Labor Standards Act which gives rise to his complaint and the way in which the statute was violated by the Defendant/employer." [Response at p. 1, ll. 24-27]; (2) "[T]he Plaintiff clearly meets his burden of establishing a 'cognizable legal theory' in which his case derives by citing the specific statutes under 29 U.S.C. 201 *et al.*" [*Id.* at p. 2, ll. 11-14]; (3) "The Plaintiff devotes the first eleven paragraphs of his complaint [to] establishing the factual

background and jurisdictional requirements giving rise to his complaint." [*Id.* at p. 2, l. 26 – p. 3, 1] and (4) "[A]ll three counts of the Plaintiff's complaint provide citations to the relevant statutory authority giving rise to each cause of action and the corresponding behavior of the Defendant which provides a basis for liability." [*Id.* at p. 3, ll. 1-3.] Throughout his response, however, Plaintiff never claims to have alleged that Plaintiff was an individual employee covered by the FLSA or that Defendant was an enterprise covered by the FLSA because he never alleged such coverage in his complaint.

As noted above, Plaintiff repeatedly claims that he has sufficiently pled the claims because he cited to the FLSA. Plaintiff cited to the FLSA in his complaint only generally and never to the specific statute requiring or defining individual or enterprise coverage. [*See* Complaint ¶¶ 5, 9, 18, 24 & 28.] In any event, it is insufficient to set forth mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *A fortiori*, a plaintiff does not meet its pleading obligation by merely citing to the statute upon which the plaintiff is relying.

To establish coverage under the FLSA, an employee must show either that he as an individual employee is covered by the FLSA or that the employer as an enterprise is covered by the FLSA. *See Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914 (9th Cir. 2003) (describing requirement of individual and enterprise coverage); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298-99 (11th Cir. 2011) (individual or enterprise coverage is essential element of FLSA claim). A complaint fails to state a claim under the FLSA and is therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6) when the plaintiff fails to allege the factual basis for coverage in the complaint. *See Gomez v. Kern*, 2012 WL 1069186, at *1-2 (S.D. Fla.) (granting motion to dismiss FLSA claim based on failure to allege factual basis for coverage); *Morrow v. JW Electric, Inc.*, 2011 WL 5599051, at *2-3 (N.D. Tex.) (same).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Based on the facts alleged in the Complaint, Plaintiff's claims fail as a matter of law because Plaintiff fails to plead facts establishing that he or Defendant are covered by the FLSA. Accordingly, Defendant Reliable Auto Glass, LLC respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim.

DATED this 7th day of June, 2012.

ROBAINA & KRESIN, P.L.L.C.

By /s/David C. Kresin
David C. Kresin
Attorneys for Defendant
Reliable Auto Glass, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th of June, 2012, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Christopher J. Piekarski
Nathan J. Brelsford
Piekarski & Breslford, P.C.
2633 E. Indian School Rd., Ste. 460
Phoenix, AZ 85016

By /s/David C. Kresin