**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M. Quinonez, an unmarried individual,<br><br>Plaintiff,<br><br>v.<br><br>Reliable Auto Glass, LLC, *et al.*,<br><br>Defendants. | No. CV-12-000452-PHX-GMS<br><br>**ORDER** |

Pending before the court is Defendant Reliable Auto Glass, LLC's motion to dismiss for failure to state a claim (Doc. 7). For the reasons stated below, Defendant's motion is granted.

**BACKGROUND**

Plaintiff Daniel Quinonez alleges that when he was employed at Reliable Auto Glass, Defendant willfully refused to pay him overtime for hours worked in excess of 40 hours a week (Counts I and III). Further, Quinonez alleges that Defendant owes him unpaid regular time wages for the pay period immediately prior to his termination (Count II). In order to recover the unpaid overtime and wages, Quinonez brings suit under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. 201 *et seq.*

Defendant Reliable Auto Glass moves to dismiss for failure to state a claim, on the grounds that Plaintiff's complaint alleges no set of facts that would indicate that either Plaintiff or Defendant are covered under the FLSA.

**DISCUSSION**

**I. Legal Standard**

To survive a Rule 12(b)(6) challenge, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory" *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (emphasis in original)). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at

557) (internal citations omitted).

**II. Analysis**

Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, employers are "generally require[d] . . . to pay overtime to [non-exempt] employees who work more than 40 hours per week." *East v. Bullock's Inc.*, 34 F. Supp. 2d 1176, 1180 (D. Ariz. 1998). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. § 216(b)). An FLSA claim has three elements:

> The elements of an FLSA claim are: 1) plaintiff was employed by defendant during the relevant period; 2) plaintiff was [a covered employee]; and 3) the defendant failed to pay plaintiff minimum wage and/or overtime pay.

*Lucas v. Jerusalem Cafe, LLC*, 4:10-CV-00582-DGK, 2012 WL 1758153 (W.D. Mo. May 10, 2012) (citing 29 U.S.C. § 201, et. seq. ). *See also Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) ("[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.")

Plaintiff alleges that, while employed by Defendant Reliable Auto Glass, he was a non-exempt "auto glass technician", that he "typically worked between fifty (50) and seventy (70) hours each week," and that "Plaintiff was never paid time-and-one-half

- 3 -

times his hourly rate for all hours over forty (40) per week." (Doc. 1, ¶¶ 7, 9–11). Thus stated, Plaintiff has sufficiently and clearly pled the first and third elements of a FLSA claim. *See, e.g., Uribe v. Mainland Nursery, Inc.*, CIV2070229FCDDAD, 2007 WL 4356609 *6-8 (E.D. Cal. Dec. 11, 2007) (finding plaintiff had stated a claim under FLSA when he alleged that he was a non-exempt employee engaged in commerce and that employer had not paid time-and-one-half for hours worked in excess of 40 hours per week).

However, Plaintiff has not alleged any set of facts from which the Court could infer that he is a "covered employee" within the scope of the FLSA's provisions. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) ("In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA.") An employee may qualify as a covered employee either 1) individually, if they are "engaged in commerce or in the production of goods for commerce," or 2) through their employer, if they are "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Zorich v. Long Beach Fire Dept. & Ambulance Serv., Inc.,* 118 F.3d 682, 684 (9th Cir. 1997).

"Individual coverage" applies if an employee "regularly and directly participat[es] in the actual movement of persons or things in interstate commerce." *Josendis*, 662 F.3d at 1198. (citations omitted). *See also* 29 U.S.C. § 207(a)(1) (mandating time-and-a-half for "employees ... engaged in [interstate] commerce or in the production of goods for [interstate] commerce").

An employee may also be covered through "enterprise coverage" if an employer

"(1) has at least two employees engaged in interstate commerce or the production of goods for interstate commerce, or who handle, sell, or otherwise work on goods or materials that had once moved or been produced for in interstate commerce, and (2) has gross sales of at least $500,000 in sales annually." *Josendis*, 662 F.3d at 1317. *See also Zorich,* 118 F.3d at 684 (same).

"A motion under 12(b)(6) tests the formal sufficiency of the statement of claim for relief." *Fednav Ltd. v. Sterling Int'l,* 572 F. Supp. 1268, 1270 (N.D. Cal. 1983). Therefore, complaints are to be "liberally construed in favor of the plaintiff." *Id.* In this spirit, courts have considered plaintiffs to have stated a claim when plaintiffs have alleged a set of facts which show that the plaintiff was a covered employee. *Compare Vega v. Peninsula Household Services, Inc.*, C-08-03815 JCS, 2009 WL 656291 (N.D. Cal. Mar. 12, 2009) (finding plaintiff had stated a FLSA claim where plaintiff alleged employer had "an annual gross income of $500,000 or more during the 4 years prior to the filing of this case; and . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person") *and Cardenas v. Grozdic*, 12 C 292, 2012 WL 2359399 (N.D. Ill. June 20, 2012) (finding plaintiff had stated a claim under FLSA where plaintiff alleged facts from which court could infer that employer-defendant was a covered enterprise) *and Kelley v. Stevens Auto Sales*, CIV.A. 3:08-CV-261JV, 2009 WL 2762765 (N.D. Ind. Aug. 27, 2009) (finding plaintiff created a question of fact as to whether plaintiff was individually covered under FLSA when plaintiff had alleged that he purchased cars in commerce for employer, a non-covered enterprise) *with Jiang v. Lee's Happy House*, C 07-03606 RS, 2007 WL

3105087 (N.D. Cal. Oct. 23, 2007) (dismissing for failure to state a claim when plaintiff's "complaint [was] devoid of any facts tending to support th[e conclusion that employer was subject to the FLSA] . . . and [did] not mention the $500,000 threshold").

Plaintiff has not alleged facts from which the Court could infer either that he is either individually covered or that his employer is a "covered enterprise." While we construe complaints liberally, Plaintiff must meet his pleading burden by pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Here, however, "Plaintiff fails to allege any facts to show that he is subject to individual or enterprise coverage. He does not allege whether he directly and regularly engaged in interstate commerce or that Defendant's enterprise has employees who engage in interstate commerce or the production of goods for interstate commerce and meets the minimum statutory threshold for annual gross volume of sales or business." *Gomez v. Kern*, 12-20622-CIV, 2012 WL 1069186 (S.D. Fla. Mar. 29, 2012). Defendant's motion to dismiss for failure to state a claim is, therefore, granted.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Defendant's motion to dismiss (Doc. 7) is **GRANTED.**

**IT IS FURTHER ORDERED THAT** should Plaintiff desire to file a motion for leave to file an amended complaint, he shall do so no later than 30 days from the date of this Order. The proposed amended complaint shall be attached to the motion for leave to amend and comply with Federal Rules of Civil Procedure 15 and Local Rules of Civil Procedure 15.1. The Court will not permit the filing of any proposed amended complaint

that does not comply with the requirements of this Order, or that seeks to reassert claims that have been dismissed.

If Plaintiff does not file a motion requesting leave to file an amended complaint by 30 days from the date of this Order, the Clerk of the Court is directed to terminate this action.

DATED this 11th day of July, 2012.

/G. Murray Snow
United States District Judge