PIEKARSKI & BRELSFORD, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix AZ 85016
Phone: (602) 956-1161
Fax: (480) 247-4383
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **DANIEL QUINONEZ**, an unmarried man,<br><br>Plaintiff,<br><br>v.<br><br>**RELIABLE AUTO GLASS LLC**, et al<br><br>Defendants. | NO. CV 2012-0452-PHX-GMS<br><br>**RULE 16 CASE MANAGEMENT PLAN** |

The parties propose the following Joint Case Management Plan.

**I. THE PARTIES WHO ATTENDED THE RULE 26(F) MEETING AND ASSISTED IN DEVELOPING THE CASE MANAGEMENT REPORT**

    **A.** **Plaintiff:**

Christopher J. Piekarski, Esq.
Nathan J. Brelsford, Esq.
PIEKARSKI & BRELSFORD, P.C.
2633 East Indian School Road
Suite 460
Phoenix, AZ 85016
Phone: 602-956-1161
Fax: 480-247-4383
E-mail: Chris@pb-lawfirm.com
           Nathan@pb-lawfirm.com

    **B.** **Defendant:**

David C. Kresin
ROBAINA & KRESIN PLLC
One E. Camelback Rd, Suite 710
Phoenix, AZ 85012
Phone: 602-682-6450

Fax:   602-682-6455
E-mail:   dck@robainalaw.com

## II. A LIST OF THE PARTIES IN THE CASE, INCLUDING ANY PARENT CORPORATIONS OR ENTITIES (FOR RECUSAL PURPOSES).

Plaintiff:   Daniel Quinonez

Defendant:   Reliable Auto Glass LLC

## III. A SHORT STATEMENT OF THE NATURE OF THE CASE (3 PAGES OR LESS), INCLUDING A DESCRIPTION OF EACH CLAIM AND DEFENSE.

### A. Plaintiff Quinonez's Statement of the Case and Description of Claims

**1. Unpaid Wages.** Plaintiff Quinonez was employed by the defendant for approximately eight years prior to his termination on April 25 2011. He was employed as an "Auto glass technician" through all relevant timeframes. His job duties consisted of replacing and installing auto glass on damaged windshields and his rate of pay was $20.00 per hour. The plaintiff typically worked between fifty (50) and seventy (70) hours each week and was never paid time-and-one-half times his hourly rate for hours over forty (40) per week.

The plaintiff was paid every two weeks for the first eighty hours of work and a separate "bonus" check every two weeks. This separate check failed to compensate him properly for hours worked in excess of forty hours per week. Because the plaintiff was not paid the proper amount of pay for overtime, plaintiff believes the defendant violated the Fair Labor Standards Act, 29 U.S.C. 201 et al.

The plaintiff's job duties were labor intensive and consisted of installing and replacing car windshields. Plaintiff had little or no independent decision making powers, he did not supervise other employees nor did he have any job duties which could be construed as managerial in nature. Therefore, the plaintiff was a "non-exempt" employee

as defined by 29 U.S.C. 201 et al. of the Fair Labor Standards Act.

**2. Willfulness.** Due to the nature of his work and job duties, the plaintiff was clearly entitled to overtime pay at one-and-one-half times his hourly rate for work performed in excess of forty hours per week. The plaintiff did voice his concerns to the defendant that he was not being compensated properly for his overtime hours. The plaintiff further states that the defendant failed to keep adequate payroll records and timesheets so as to properly document all hours worked by the plaintiff and other employees. As a result, the plaintiff filed a formal complaint with the Department of Labor on July 12, 2011.

Plaintiff believes that this pattern of conduct by the defendant shows a willful intent not to pay overtime wages to its employees at the full and correct amount and therefore triggers a three year look back period for unpaid wages.

**B.** **Defendant Reliable Auto Glass LLC's Statement of the Case and Description of Defenses**.

Defendant employed Plaintiff as an auto glass technician for several years until April 25, 2011. Defendant denies that Plaintiff can establish coverage of Plaintiff or Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In any event, Defendant's records establish that Plaintiff rarely if ever worked over forty (40) hours in a work week during his employment with Defendant. When Plaintiff asserted that he should receive more compensation for his time worked, Defendant and Plaintiff entered into an agreement under which Plaintiff agreed to resolve his complaints in exchange for Defendant providing to Plaintiff twelve (12) full days of paid vacation to which Plaintiff was not otherwise entitled. Plaintiff utilized all of that paid vacation time. Subsequent to that agreement, Plaintiff never worked over forty (40) hours in a work week. With respect to the last two weeks of Plaintiff's employment, Defendant reduced

Plaintiff's last check to recoup additional unauthorized vacation time over and above the amount provided to Plaintiff under the parties' agreement or Defendant's employment policies and for which Plaintiff improperly received compensation.

**IV. THE JURISDICTIONAL BASIS FOR THE CASE, DESCRIBING THE BASIS FOR THE JURISDICTION (SEE FOOTNOTE 1 IN ORDER) AND CITING SPECIFIC JURISDICTIONAL STATUTES.**

Plaintiff's Complaint asserts violations of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* The Court therefore has jurisdiction under 29 U.S.C. § 216.

**V. ANY PARTIES WHICH HAVE NOT BEEN SERVED AND AN EXPLANATION OF WHY THEY HAVE NOT BEEN SERVED; AND ANY PARTIES WHICH HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED.**

Defendant Reliable Auto Glass LLC has been served and appeared through its filing of dispositive motions. The fictitious parties named have not been served or appeared in the case.

**VI. A STATEMENT OF WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE TO AMEND OR SUPPLEMENT PLEADINGS (THE COURT WILL SET A DEADLINE OF NOT LATER THAN 60 DAYS AFTER THE CASE MANAGEMENT CONFERENCE TO JOIN PARTIES OR AMEND AND SUPPLEMENT PLEADINGS).**

At this point, none of the parties expect to add additional parties to the case or otherwise amend pleadings. However, the parties request that the Court set a deadline to allow for joinder of parties or amendment of pleadings.

**VII. A LISING OF CONTEMPLATED MOTIONS AND A STATEMENT OF THE ISSUES TO BE DECIDED BY THESE MOTIONS (INCLUDING MOTIONS UNDER FEDERAL RULES OF EVIDENCE 702, 703, 704 AND 705).**

**A. Plaintiff:**

Plaintiff anticipates filing dispositive motions on all claims upon the conclusion of discovery.

**B. Defendant:**

Defendant anticipates filing dispositive motions upon the conclusion of discovery.

**VIII. WHETHER THE CASE IS SUITABLE FOR REFERENCE TO A UNITED STATES MAGISTRATE JUDGE FOR SETTLEMENT OR TRIAL.**

The parties do not consent to refer this matter to a magistrate judge pursuant to Rule 73, Federal Rules of Civil Procedure, and 28 U.S.C. §636(c). The parties believe that this matter should remain with the District Court for trial purposes. If, at some point, a settlement conference is desired by the parties, they may seek a referral to a magistrate judge or do so through private mediation.

**IX. STATUS OF RELATED CASES PENDING BEFORE OTHER COURTS OR OTHER JDUGES OF THIS COURT.**

None.

**X. A STATEMENT OF WHEN THE PARTIES EXCHANGED FEDERAL RULE OF CIVIL PROCEDURE RULE 26(A) INITIAL DISCLOSURES.**

The parties will exchange initial disclosure statements by October 19, 2012.

**XI. DISCUSSION OF ANY ISSUES RELATING TO DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED (SEE RULE 16(B)(3), 26(F)(3)).**

There are no known issues relating to disclosure or discovery of electronically stored information.

**XII. A DISCUSSION OF ANY ISSUES RELATING TO CLAIMS OF PRIVILEGE OR WORK PRODUCT (SEE RULES 16(B)(6), 26(F)(4)).**

The parties are unaware of any such issues at the present time.

**XIII. A DISCUSSION OF NECESSARY DISCOVERY, INCLUDING:**

**A. The extent, nature, and location of discovery anticipated by the parties;**

1. **Plaintiff:**

Plaintiff will propound written discovery including interrogatories, request for production of documents and any additional discovery the Plaintiff deems relevant. Plaintiff further intends to depose the named defendant and any additional witnesses identified by the Defendant in its disclosures.

2. **Defendant:**

Defendant will propound written discovery and may depose the Plaintiff, witnesses identified by Plaintiff in his disclosure(s), and any expert witnesses identified by the Plaintiff. Defendant believes all subjects of discovery are located within the District of Arizona.

**B. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2.**

The parties have no changes to suggest regarding discovery limitations.

**C. The number of hours permitted for each deposition, unless extended by agreement of the parties.**

The parties believe that 7 hours as provided in the federal rules is sufficient.

**XIV. PROPOSED SPECIFIC DATES FOR EACH OF THE FOLLOWING (DEADLINES SHOULD FALL ON A FRIDAY UNLESS IMPRACTICABLE):**

**A. A date by which the parties shall have engaged in good faith settlement talks.**

The parties engaged in good faith settlement talks on October 3, 2012.

**B. A deadline for the completion of fact discovery:**

March 15, 2013.

**C. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):**

1. **Plaintiffs:** November 30, 2012
2. **Defendants:** December 14, 2012
3. **Rebuttal:** January 11, 2013

**D. A deadline for completion of all expert depositions:**

March 15, 2013.

**E. A deadline for filing dispositive motions:**

April 5, 2013

**XV. WHETHER A JURY TRIAL HAS BEEN REQUESTED AND WHETHER THE REQUEST FOR A JURY TRIAL IS CONTESTED (IF THE REQUEST IS CONTESTED, BRIEFLY SET FORTH THE REASONS).**

Plaintiff has not requested a jury trial. Defendant anticipates requesting a jury trial if and when Defendant is required to file a responsive pleading.

**XVI. THE ESTIMATED LENGTH OF TRIAL AND ANY SUGGESTIONS FOR SHORTENING THE TRIAL.**

The parties believe that the trial will require 3 to 5 judicial days.

**XVII. THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTELEMENT EFFORTS.**

The parties believe there may be a realistic prospect for settlement after some initial written discovery and may seek the Court's referral to a magistrate judge for a settlement conference at that time.

**XVIII. ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY AND INEXPENSIVE MANNER AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE .**

None.

| | |
|---|---|
| DATED this __18th__ day of October, 2012. | |
| | /s/ Christopher J. Piekarski<br>Piekarski & Brelsford P.C.<br>2633 E. Indian School Rd., Ste. 460<br>Phoenix, Arizona 85016<br>*Attorneys for Plaintiff* |
| | s/ David C. Kresin<br>Robaina & Kresin PLLC<br>One E. Camelback Rd, Suite 710<br>Phoenix, AZ85012<br>*Attorneys for Defendant* |

ORIGINAL electronically filed
this __18th__ day of October 2012.

COPY mailed/e-mailed
this __18th__ day of October, 2012 to:

Hon. G. Murray Snow
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 58
Suite 602
Phoenix, AZ  85003-2156